IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHARITY BEDFORD,** § § § | |
| **Plaintiff,** § § | **CIVIL ACTION NO.:** |
| **v.** § § | _____ |
| **O'REILLY AUTOMOTIVE STORES,** § **INC., D/B/A O'REILLY AUTO PARTS,** § § | **JURY DEMAND** |
| **Defendant.** § | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff invokes jurisdiction under the Act of Congress known as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"), and which provides for relief against discrimination in employment on the basis of race, gender, and retaliation related thereto.  This suit is also brought to secure protection the protection of and to redress the deprivation of rights secured by 42 U.S.C. §1981 (hereinafter "§1981") which provides for relief against racial discrimination and retaliation in employment.

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction of the subject of this action according to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202; and 42 U.S.C. §2000e-5(f)(3).

3. The unlawful employment practices alleged below were committed by the Defendant within Calhoun County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

1

**III.    ADMINISTRATIVE EXHAUSTION**

4. Plaintiff fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title VII. Plaintiff timely filed her Charge with the Equal Employment Opportunity Commission within 180 days of occurrence of the last discriminatory or retaliatory acts. Plaintiff also timely filed her claims with this Court within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

**IV.    PARTIES**

5. Plaintiff, Charity Bedford, is an African American female citizen of the United States, a resident of the State of Alabama, and a former employee of the Defendant.

6. Defendant O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts, is subject to suit under 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

**V.    STATEMENT OF FACTS**

7. Plaintiff is an African-American female formerly employed by the Defendant as a driver.

8. Plaintiff always performed her job well.

9. The Defendant terminated Plaintiff's employment on or around January 5, 2021, because of her race and or gender.

10. Scott Lyons, Plaintiff's Store Manager, sent male and female drivers, both black and non-black, to various stores for personal and non-business related errands.

11. Often, Lyon would ask Plaintiff to stop and pick up drinks and snacks for himself and others.

12. Plaintiff noticed preferential treatment being given to non-black and or male

drivers.

13. Plaintiff complained to Gary Stepp, the Defendant's District Manager, about said preferential treatment in the Winter of 2020.

14. The Defendant terminated Plaintiff shortly thereafter, allegedly for stopping at a convenience store to purchase a beverage.

15. Non-black and or male drivers such as Jonathan Moses made similar or identical stops, but they were never reprimanded or terminated as Plaintiff was.

16. Further, non-black and or male drivers are not retaliated against for internally reporting unlawful discrimination as Plaintiff was.

## VI. CAUSES OF ACTION

### A. COUNT ONE – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (RACE-BASED DISPARATE TREATMENT)

17. Plaintiff incorporates by reference Paragraphs 2-16 as if fully set forth herein.

18. Defendant held Plaintiff to a higher and less favorable disciplinary standard as compared to her non-black co-workers.

19. Defendant claims to have terminated Plaintiff for violating Defendant's Driving Policy and Eligibility Guidelines, as Plaintiff needed improvement on following Defendant's Driving policy.

20. However, Defendant can identify which of Plaintiff's co-workers, regardless of gender, made stops for beverages, possessed beverages in the Defendant's vehicle, and or if their actions violated company policy, yet it failed to do so. Defendant's double standard in this regard was substantially motivated by Plaintiff's race.

21. Defendant treated Plaintiff disparately compared to her non-black co-workers where it applied its disciplinary policy, including termination, to Plaintiff on terms less favorable

than applied to her non-black co-workers.

22. This disparate treatment caused Plaintiff's termination and her damages flowing therefrom.

23. Furthermore, the Defendant's stated reason for terminating Plaintiff is pretext for discrimination as shown by its refusal to investigate, suspend, or terminate non-black employees for actions Plaintiff allegedly took.

24. Plaintiff's disciplines and termination constitute adverse employment actions.

25. Defendant's illegal bias caused Plaintiff to suffer, i.e., her loss of advancement opportunities, promotion, and the corresponding benefits associated with advancement and or promotion, including the loss of potentially increased compensation.

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant as applied to Plaintiff are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq;

b) Enter an Order requiring the Defendant to make Plaintiff whole by awarding her the position(s) she would have occupied in the absence of its discrimination, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, and benefits; and,

c) Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

## B. COUNT TWO – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (GENDER-BASED DISPARATE TREATMENT)

26. Plaintiff incorporates by reference Paragraphs 2-3 and 5-16 as if fully set forth herein.

27. Defendant held Plaintiff to a higher and less favorable disciplinary standard as compared to her male co-workers.

28. Defendant claims to have terminated Plaintiff for violating Defendant's Driving Policy and Eligibility Guidelines.

29. However, Defendant can identify which of Plaintiff's co-workers, regardless of race, made stops for beverages, possessed beverages in the Defendant's vehicle, and or if their actions violated company policy, yet it failed to do so. Defendant's double standard in this regard was substantially motivated by Plaintiff's gender.

30. Defendant treated Plaintiff disparately compared to her male co-workers where it applied its disciplinary policy, including termination, to Plaintiff on terms less favorable than applied to her male co-workers.

31. This disparate treatment caused Plaintiff's termination and her damages flowing therefrom.

32. Furthermore, the Defendant's stated reason for terminating Plaintiff is pretext for discrimination as shown by its refusal to investigate, suspend, or terminate male employees for actions Plaintiff allegedly took.

33. Plaintiff's disciplines and termination constitute adverse employment actions.

34. Defendant's illegal bias caused Plaintiff to suffer, i.e., her loss of advancement opportunities, promotion, and the corresponding benefits associated with advancement and or promotion, including the loss of potentially increased compensation.

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant as applied to Plaintiff are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq;

b) Enter an Order requiring the Defendant to make Plaintiff whole by awarding her the position(s) she would have occupied in the absence of its discrimination, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, and benefits; and,

c) Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

**C.   COUNT THREE-VIOLATIONS OF 42 U.S.C. §1981 (DISPARATE TREATMENT)**

35.  In support of her claims of race-based discrimination under § 1981, Plaintiff incorporates by reference the factual assertions in Paragraphs 2-3, 5-16, and 18-24 above.

36.  Defendant's decision to discipline and terminate Plaintiff was based on her race, African American.

37.  Based on the preceding, Plaintiff was subjected to race-based discrimination.

38.  Defendant's illegal bias caused Plaintiff to suffer, i.e., her loss of advancement opportunities, promotion, and the corresponding benefits associated with advancement and or promotion, including the loss of potentially increased compensation.

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the defendant as applied to Plaintiff are violative of her rights secured by 42 U.S.C. § 1981;

b) Enter an order requiring the defendants to make Plaintiff whole by awarding her

punitive damages and compensatory damages, and/or nominal damages; and,

c) Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

## D. COUNT FOUR – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (RETALIATION)

39. Plaintiff incorporates by reference Paragraphs 2-4, and 13-14 above, as if fully set forth herein.

40. In good faith, Plaintiff reported to management complaints of race and/or gender-based discrimination.

41. Shortly after Plaintiff's complaints, and in retaliation for her complaints, Plaintiff was terminated.

42. Defendants willfully violated the proscription against retaliation under Title VII, with malicious disregard for the rights of Plaintiff.

43. As a result of the Defendants' conduct, Plaintiff was deprived of income and other benefits due to her and she suffered embarrassment, humiliation, inconvenience, and mental distress.

44. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein.

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a) Grant Plaintiff an order requiring the Defendants to make her whole by awarding her reinstatement into the position she would have occupied in the absence of the unlawful retaliation by the defendants with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding her compensatory, punitive, and/or nominal damages;

b) Grant Plaintiff her attorney's fees and costs; and

7

    c)    Grant Plaintiff such other relief as justice requires.

**E.**    <u>**COUNT FIVE – VIOLATIONS OF 42 U.S.C. §1981 (RETALIATION)**</u>

45. Plaintiff incorporates by reference Paragraphs 2-3, 13-14, 28-31, and 40-44 as if fully set forth herein.

46. As set out in Count D above, Plaintiff engaged in protected activity and was wrongly retaliated against because of such.

47. Defendants have violated the proscription against retaliation under 42 U.S.C. §1981.

48. As a result of the Defendants' conduct the Plaintiff was deprived of income and other benefits due her. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

    a)    Grant Plaintiff an order requiring the Defendants make her whole by awarding her reinstatement into the position she would have occupied in the absence of unlawful conduct by Defendant with the same seniority, leave and other benefits of the position (or front pay), paying her lost wages resulting from their discriminatory conduct (with interest), and by awarding her compensatory, punitive, and/or nominal damages;

    b)    Grant Plaintiff her attorney's fees and costs; and

    c)    Grant Plaintiff such other relief as justice requires.

Dated: August 10, 2022

                                      Respectfully submitted,

                                      /s/ Eric Sheffer
                                      **ERIC C. SHEFFER**
                                      Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

                                      /s/ Eric Sheffer
                                      **ERIC C. SHEFFER**